THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9    UNITED STATES OF AMERICA,                CASE NO. CR09-0086-JCC

10                        Plaintiff,           ORDER

11          v.

12   FROYLAN CEJA-VARGAS,

13                        Defendant.

14

15        This matter comes before the Court on Defendant Froylan Ceja-Vargas' pro se Motion to

16   Reduce Sentence (Dkt. No. 80).  Having thoroughly considered the parties' briefing and the

17   relevant record, the Court finds oral argument unnecessary and hereby DENIES the Motion (Dkt.

18   No. 80) for the reasons explained herein.

19   I.      **BACKGROUND**

20        Defendant Froylan Ceja-Vargas was sentenced by this Court on October 9th, 2009

21   following his plea of guilty to conspiracy to distribute methamphetamine, in violation of 21

22   U.S.C. §§841(a)(1), 841(b)(1)(A), and 846.  (Judgment, Dkt. No. 59 at 1.)  At the time Mr. Ceja-

23   Vargas was sentenced, his Total Offense Level was 35, his Criminal History Category was II,

24   and the applicable Sentencing Guideline Range was 188 to 235 months.  (Government's

25   Response, Dkt. No. 83 at 4 (citing PSR at ¶70).)  21 U.S.C. § 841(b)(1)(A) subjected Defendant

26   to a mandatory minimum sentence of ten years (120 months).  (See Plea Agreement, Dkt. No. 41

1    at 2.)

2           On October 9th, 2009, the Court departed below the Guidelines range and imposed the

3    minimum possible sentence – 120 months or ten years.  (Judgment, Dkt. No. 59 at 2.)

4    II.      **DISCUSSION**

5           **A.  Legal Standard**

6           Amendment 782 to the United States Sentencing Guidelines, which became effective

7    November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense

8    levels contained in the USSG § 2D1.1 Drug Quantity table by two levels, and making other

9    related adjustments to this Guideline.  Along with Amendment 782, the Sentencing Commission

10   adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to

11   lower the sentences of previously sentenced inmates.  At issue in the instant motion is whether

12   this Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

13          In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions

14   must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a

15   sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and

16   (2) the sentence reduction sought must be consistent with the Sentencing Commission's

17   applicable policy statements.  *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per

18   curiam).  A district court does not have jurisdiction to reduce the defendant's sentence unless

19   both criteria are met.  *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

20          **B.  Defendant's Motion**

21          Defendant's sentence was a mandatory minimum sentence that has not been reduced,

22   rather than a sentence based on any section of the Sentencing Guidelines that subsequently has

23   been amended.  Sentence reductions are not available to defendants who have been sentenced to

24   the applicable mandatory minimum sentence.  As the Ninth Circuit has stated, "[i]t is axiomatic

25   that a statutory minimum sentence is mandatory."  *United States v. Sykes*, 658 F.3d 1140, 1146

26   (9th Cir. 2011).  Section 5G1.1(c) of the Guidelines states that a sentence "may be imposed at

1   any point within the applicable guideline range, provided that the sentence . . . is not less than

2   any statutorily required minimum sentence." USSG §5G1.1(c). Thus, when a defendant is

3   subject to a mandatory minimum sentence, the sentence is never "based on a sentencing range

4   that has subsequently been lowered by the Sentencing Commission." *United States v. Paulk*, 569

5   F.3d 1094, 1095 (9th Cir. 2009). Thus, a retroactive amendment to the Guidelines cannot reduce

6   a sentence below the statutory minimum term. *Paulk,* 569 F.3d at 1095-96.

7        Therefore, Defendant does not qualify for sentence reduction because his sentence was a

8   mandatory minimum sentence rather than a sentence based on the Sentencing Guidelines.

9   III.   **CONCLUSION**

10        For the above reasons, Defendant Froylan Ceja-Vargas' pro se Motion to Reduce

11   Sentence (Dkt. No. 80) is DENIED.

12        DATED this 9th day of July 2015.

13

14

15

16

17

18   John C. Coughenour
19   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

ORDER
PAGE - 3